IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARIQ ISA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 08 C 4286 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Tariq Isa's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Isa's Section 2255 motion.

**BACKGROUND**

On May 11, 2004, Isa was charged in a two-count indictment for violations of 21 U.S.C. §§ 846 and 841(c)(2) for conspiring to knowingly and intentionally possess and distribute, and attempting to possess and distribute approximately 1,728,000 tablets of pseudoephedrine, knowing and having reasonable cause to believe the pseudoephedrine would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine. On September 7, 2004, a grand jury returned a superseding indictment that included the pseudoephedrine-related counts, as well as a third count – being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In January 2005, the Court granted Isa's motion to sever the firearm count.

On September 5, 2005, Isa entered a blind plea of guilty to the first two counts of the superseding indictment. Isa agreed with the government's factual basis for his guilty plea, but reserved the right to contest the number of tablets involved in the offenses. More specifically, at the change of plea hearing, Isa stated that he had sufficient time to discuss his plea with his attorneys and was satisfied with their representation. (R. 15-1, Gov't Resp., Ex. A, Change of Plea Tr. at 2-3, 7-9.) The Court advised Isa in detail of the rights he was waiving by pleading guilty and Isa indicated that he understood that he was waiving these rights. Isa further told the Court that he was voluntarily pleading guilty. (*Id*. at 9-35.) Moreover, at the change of plea hearing, the Court explained that it would sentence Isa pursuant to the advisory Sentencing Guidelines and that it was up to the Court to determine the appropriate sentence for Isa. (*Id*. at 19-23.) The government then gave its preliminary guidelines calculations. (*Id*. at 19-20.) Thereafter, the government gave its factual basis for Isa's guilty plea:

> With respect to Count 1, the government would prove beyond a reasonable doubt that beginning on or about May 10th, 2002, through on or about May 21st, 2002, at Cicero, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant Tariq Isa conspired with individuals known as A and B in the second superseding indictment – they're Hafez Hussein and Abe Nassar, also known as Nassar Abdelrahman – and with others known and unknown to the grand jury, knowingly and intentionally to possess and distribute a listed chemical; namely, approximately 1,728,000 tablets of pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture a controlled substance; namely, mixtures containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(c)(2).
>
> The government would also prove that it was part of the conspiracy that Hafez Hussein and others approached defendant Tariq Isa to arrange for the purchase of approximately 200 cases of pseudoephedrine.

2

> Defendant Tariq Isa met with Abe Nassar, also known as Nassar Abdelrahman, to arrange for the sale of 200 cases of pseudoephedrine at an arranged price.
>
> The government would also prove that it was further part of the conspiracy that on May 21st, 2002, the defendant collected United States currency from Hafez Hussein, counted and bundled the money; and, while Hafez Hussein remained in the defendant's house, the defendant took a portion of the money – namely, $66,870 – in a cardboard box and he gave it to Abe Nassar, also known as Nassar Abdelrahman, who was waiting in a vehicle outside the defendant's residence in Cicero, Illinois.
>
> It was further part fo the conspiracy that the defendant and his co-conspirators used cell phones to communicate with each other and to facilitate their drug trafficking activities.
>
> The government would prove beyond a reasonable doubt that it was further part of the conspiracy that the defendant and his co-conspirators did conceal and hide and cause to be concealed and hidden the purposes and the acts done in furtherance of the conspiracy to avoid detection and apprehension by law enforcement authorities, and that these acts violated 21 USC, Section 846.
>
> With respect to Count 2, the government would prove beyond a reasonable doubt that on or about May 21st, 2002, at Cicero, in the Northern District of Illinois, Eastern Division and elsewhere, the defendant Tariq Isa attempted to knowingly and intentionally possess and distribute a listed chemical; namely, approximately 1,728,000 tablets of pseudoephedrine, a List 1 chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture a controlled substance; namely, mixtures containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance, in violation of 21 USC, Sections 841(c)(2) and 846.
>
> This is the evidence the government would prove beyond a reasonable doubt at trial.

(*Id.* at 24-26.)

After the government gave its factual basis for Isa's guilty plea, the Court asked Isa questions and Isa agreed with the factual basis at that time. (*Id.* at 27-30.) When the Court specifically asked Isa, "other than the amount of tablets – the 1,728,000 tablets – do you agree with everything that [the government] just said the government's evidence would show?" and Isa

3

answered, "Yes, I agree." (*Id.* at 28.) Isa did indicate, however, that he disagreed with the number of tablets involved, as noted earlier by the Court. (*Id.*) Further, after the Court asked Isa, "did you participate in this conspiracy with Mr. Hussein and Mr. Nassar to distribute pseudoephedrine that you knew would be used to manufacture a controlled substance; namely, a mixture containing methamphetamine?" Isa answered, "Yes, your, Honor." (*Id.* at 29.)

On January 6, 2006, the Court conducted a contested sentencing hearing. After hearing the testimony and reviewing the evidence presented, the Court set Isa's base-level offense at 36 and his criminal history category at III based on Isa's California state conviction for pseudoephedrine trafficking. Thereafter, the Court calculated a sentencing range between 235 and 293 months for Counts I and II of the superseding indictment. Acknowledging the advisory nature of the guidelines and taking into account the sentencing factors in 18 U.S.C. § 3553(a), the Court sentenced Isa to 235 months' imprisonment.

Isa filed a direct appeal to the United States Court of Appeals for the Seventh Circuit challenging his sentence. The Seventh Circuit affirmed the Court's decision and concluded that Isa failed to rebut the presumption that his within-guidelines sentence was reasonable. *See United States v. Isa,* 230 Fed.Appx. 603, 605, 2007 WL 2101800, at *2 (7th Cir. July 24, 2007) (citing *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005)); *see also Rita v. United States,* 127 S. Ct. 2459 (2007).

In the present motion to vacate, set aside, or correct his sentence, Isa, by counsel, brings the following claims: (1) his due process rights were violated because he did not understand the nature and consequences of his guilty plea; and (2) his trial counsel provided constitutionally ineffective assistance of counsel. Isa also included a claim in his habeas petition based on newly

4

discovered evidence, but because the new evidence has not become "available," Isa wishes to withdraw this claim without prejudice. The Court denies that claim with prejudice. If the newly discovered evidence becomes available, Isa must seek authorization from the United States Court of Appeals for the Seventh Circuit to file a successive Section 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h); *see also Unthank v. Jett,* 549 F.3d 534, 535 (7th Cir. 2008) ("Section 2255 allows only one collateral attack unless the prisoner meets the conditions in § 2255(h)," including "newly discovered evidence.").

## **LEGAL STANDARD**

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). A district court will only grant a Section 2255 motion to vacate, set aside or correct a sentence if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hayes v. United States,* 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and internal quotations omitted). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim in his direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,*

398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006), or that there has been a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because claims of ineffective assistance of counsel usually involve evidence outside the trial court record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

### I. Ineffective Assistance of Counsel

First, Isa maintains that his trial counsel was constitutionally ineffective in violation of the Sixth Amendment to the United States Constitution. To establish ineffective assistance of counsel, Isa must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Isa fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also Amerson v. Farrey,* 492 F.3d 848, 851 (7th Cir. 2007). "[B]ecause counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness." *United States v. Hatten-Lubick,* 525 F.3d 575, 579 (7th Cir. 2008).

In the context of a guilty plea, the Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill*

6

*v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, Isa must show "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006) (citing *Hill,* 474 U.S. at 57-59). A defendant's mere allegation that he would have insisted on going to trial is insufficient to establish the *Strickland* prejudice prong. *See Julian v. Bartley,* 495 F.3d 487, 499 (7th Cir. 2007).

Here, Isa bases his ineffective assistance of counsel claims on counsels' alleged misstatements concerning his potential sentence. At his change of plea hearing, the Court unequivocally explained to Isa that it was the Court's decision – not the government's or his counsels' – to determine what the appropriate sentencing guidelines would be in this matter. (Gov't Resp., Ex. A, Change of Plea Tr. at 21.) The Court further explained that at sentencing it would make an evidentiary determination by a preponderance of the evidence and then determine the appropriate guideline range. (*Id.*) Despite the Court's repeated warnings, Isa now argues that his counsel was ineffective because counsel allegedly told him that his sentencing guideline range would be in the neighborhood of 12 to 14 years (144 months to 168 months) instead of the 235 months to 293 months as calculated by the Court. Isa makes this argument even though he stated on the record at his change of plea hearing that no one made promises to him to cause him to plead guilty. (*Id*. at 21-22.)

Moreover, Isa argues that had he known that he would have been sentenced to 235 months' imprisonment, he would not have pleaded guilty. Isa's bare-boned allegation does not establish the *Strickland* prejudice prong. *See Julian,* 495 F.3d at 499. Instead, Isa must present

7

evidence indicating that, but for the ill-advice, he would not have taken the plea. *Id.* Here, Isa provides an affidavit in which he avers that his attorney told him that he would get between 12 and 14 years imprisonment if he pleaded guilty and approximately 24 years if he went to trial. (R. 11-2, Isa Aff. ¶ 25.) Isa recognizes, however, that if he were responsible for the 200 cases of pills, the government's position was that his sentencing range would be around 210 months to 262 months – well over 12 to 14 years. (*Id.*) Nonetheless, Isa avers that only because his trial counsel "told me that he was going to make good arguments that could win and show that I was not responsible for 200 boxes of pills, I agreed to plead guilty." (*Id.*) Isa does not present any other evidence in support of the *Strickland* prejudice prong.

Although Isa need only "demonstrate that the chances of prejudice were better than negligible," his self-serving affidavit is insufficient to establish prejudice under the circumstances. *See Julian,* 495 F.3d at 499. Specifically, Isa admits that he knew the government's position was well over 12 to 14 years' imprisonment as supported by his affidavit and the change of plea hearing transcript where the Court explained the sentencing process and consequences in detail. (Gov't Resp., Ex. A, Change of Plea Tr. at 16-22.) As such, if any prejudice did occur as a result of counsels' sentencing calculations, it was cured by the change of plea hearing and Isa's acknowledgment that his actual sentence may be higher than his counsels' calculation and up to the statutory maximum. *See Jacobson v. United States,* 258 Fed.Appx. 45, 49, 2007 WL 4455783, at *4 (7th Cir. 2007) (court's and government's explanation of sentencing consequences cured any misstatement made by counsel). Therefore, Isa has failed to establish that he was prejudiced by counsels' allegedly deficient performance. *See Bethel*, 458 F.3d at 716-17. Because Isa has failed to establish the *Strickland* prejudice prong, the Court

8

need not address the *Strickland* performance prong for this ineffective assistance of counsel claim. *See Amerson,* 492 F.3d at 851.

Next, Isa argues that his counsel was constitutionally ineffective because he failed to bring a "sentencing entrapment" defense. In general, the defense of entrapment requires the district court to make a preliminary determination as to whether the criminal defendant has made a prima facie case of entrapment before presenting the question of entrapment to the jury. *See United States v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999); *United States v. Santiago-Godinez,* 12 F.3d 722, 727 (7th Cir. 1993). As the Seventh Circuit explains, "[t]he issue of whether there is sufficient evidence of entrapment to support submission of that defense to a jury typically arises after the evidence has been received at trial." *Santiago-Godinez,* 12 F.3d at 727. The prima facie defense of entrapment requires two elements: (1) the government induced the crime and (2) defendant's lack of predisposition to engage in criminal conduct. *See id.* at 726-27 (citing *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988)); *see also United States v. Al-Shahin,* 474 F.3d 941, 948 (7th Cir. 2007).

Although Isa maintains that his is not bringing an ineffective assistance claim based on a regular entrapment defense, the Court notes that Isa never presented any evidence supporting these elements nor did he inform the Court at his change of plea hearing that the government's recitation of the facts was false because he was entrapped. Instead, he agreed with the factual basis and pleaded guilty to both Counts I and II of the superseding indictment. *See United States v. Sivious,* 512 F.3d 364, 372 (7th Cir. 2008) (guilty plea operates as waiver of all non-jurisdictional defects).

9

Meanwhile, Isa's argument that his counsel was ineffective for failing to argue "sentencing entrapment" fails because there was sufficient evidence in the record that Isa had a predisposition to commit the pseudoephedrine offenses, as set forth in the superseding indictment, namely, his prior California conviction for pseudoephedrine trafficking. *See United States v. White,* 519 F.3d 342, 347 (7th Cir. 2008) (government "must show only that the defendant was in fact predisposed to violate the law without 'extraordinary inducements.'"). To explain, "[s]entencing entrapment occurs when an individual predisposed to commit a lesser crime commits a more serious offense as a result of unrelenting government persistence." *United States v. Veazey,* 491 F.3d 700, 710 (7th Cir. 2007) (internal quotation and citation omitted). "The government overcomes an alleged entrapment defense by establishing that the defendant was predisposed to commit the offense charged. This is not a great hurdle; all that must be shown to establish predisposition and thus defeat the defense of entrapment is willingness to violate the law without extraordinary inducements." *United States. v. Hale,* 448 F.3d 971, 989 (7th Cir. 2006). In sum, Isa would not have been able to establish sentencing entrapment had his counsel brought this defense at sentencing, and thus his counsels' performance was not deficient under the *Strickland* performance prong. Because Isa has failed to establish the *Strickland* performance prong, the Court need not address the *Strickland* prejudice prong for this ineffective assistance of counsel claim. *See Amerson,* 492 F.3d at 851.

## II.     Due Process Violation

Next, Isa argues that based on his counsels' misstatements, he did not understand the nature and consequences of his guilty plea. *See Brady v. United States,* 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("a plea of guilty must be intelligent and voluntary to be

valid."). Isa, however, failed to bring any such due process claim in his criminal appeal to the United States Court of Appeals for the Seventh Circuit, and thus he has procedurally defaulted this claim. *See Varela,* 481 F.3d 935. Moreover, Isa makes no attempt to overcome this procedural default – either by establishing cause or prejudice or that a fundamental miscarriage of justice would occur if the Court did not address the merits of this claim. *See Anderson,* 471 F.3d at 815; *Fuller,* 398 F.3d at 648. Furthermore, Isa does not argue that there has been a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because Isa has failed to overcome his procedural default, the Court cannot reach the merits of this Fifth Amendment due process claim. *See Williams v. Buss,* 538 F.3d 683, 686 (7th Cir. 2008) ("an unexcused procedural default ends the case").

## CONCLUSION

For these reasons, the Court denies Isa's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Dated:** February 2, 2009

                                             **ENTERED**

                                             _____
                                             **AMY J. ST. EVE**
                                             **United States District Court Judge**